UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                         )
                               )     Chapter 7
PAUL JOHN KRAMER,              )
                               )     Bankruptcy No. 04-02900
        Debtor.                )
```

### ORDER RE: MOTION FOR RETROACTIVE RELIEF
### FROM AUTOMATIC STAY

This matter came before the undersigned for telephonic hearing on December 1, 2004. The United States was represented by Joan Stentiford Ulmer. Debtor Paul Kramer appeared pro se. After hearing the arguments of the parties, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

### FINDINGS OF FACT

Debtor filed his Chapter 7 petition on July 27, 2004. Postpetition, the United States filed a motion for entry of judgment on September 22, 2004 in a civil matter pending in the U.S. District Court, No. 02-0181. The District Court entered judgment against Debtor on October 14, 2004 for $382,762.05 plus interest, constituting unpaid federal income taxes, penalties and interest. Debtor filed a Motion for a Hearing to Show Cause complaining that the United States, among others, violated the automatic stay. The United States resisted and filed this Motion for Retroactive Relief from Automatic Stay.

The United States seeks retroactive relief from the stay under 11 U.S.C. § 362(d)(1) in order to rehabilitate stay violations. It asserts the U.S. District Court entered summary judgment for the United States in April 2004, months prior to the filing of Debtor's bankruptcy petition. The United States asserts it did not receive notice of Debtor's bankruptcy filing prior to its actions in the District Court case. It states the first document regarding Debtor's case sent to the United States was sent to the U.S. Attorney's office electronically on October 5, 2004 from the Court, not from Debtor.

Debtor avers that the U.S. Marshal's office was personally served with a copy of his bankruptcy petition on the date he filed. He also states that he mailed a notice to "U.S., inc. % Charles W. Larson, Sr., P.O. Box 74,950 Cedar Rapids Iowa 52,406." Mr. Larson is the U.S. Attorney for this district. The Court notes that Debtor lists the I.R.S. as a creditor on Schedule E. His mailing matrix includes the I.R.S. with the following address: "P.O. Box 74,950., Cedar Rapids 52,406."

## CONCLUSIONS OF LAW

Section 362(d) authorizes the Court, in appropriate limited circumstances, to annul the automatic stay, the effect of which is to grant retroactive relief and validate an action taken which might otherwise be of no effect. In re Hoffinger Indus., Inc., 329 F.3d 948, 951-52 (8th Cir. 2003); In re Batton, 308 B.R. 406, 409 -10 (Bankr. W.D. Mo. 2004). Such relief should be granted sparingly, and only in compelling circumstances. In re Vierkant, 240 B.R. 317, 325 (B.A.P. 8th Cir. 1999); In re Webb, 294 B.R. 580, 583 (Bankr. E.D. Ark. 2003).

The factors courts consider in determining whether to grant a request to annul the stay are:

> (1) whether the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay; (2) whether the debtor has acted in bad faith; (3) whether there is equity in the property of the estate; (4) whether the property is necessary for an effective reorganization; (5) whether grounds for relief from stay exist and a motion, if filed, would have been granted prior to the violation; (6) whether failure to grant retroactive relief would cause unnecessary expense to the creditor; (7) whether the creditor has detrimentally changed its position on the basis of the action taken; (8) whether the creditor took some affirmative action post-petition to bring about the violation of the stay; and (9) whether the creditor promptly seeks a retroactive lifting of the stay and approval of the action taken.

In re Harris, 268 B.R. 199, 203 (Bankr. W.D. Mo. 2001).

In Hoffinger Indus., the court granted the Chapter 11 debtor retroactive relief in order to rehabilitate the debtor's notice of appeal in state court. 329 F.3d at 954. An extraordinary lack of good faith and abusive filings by the debtor warranted retroactive annulment of the stay in Webb, 294 B.R. at 852, in order to rehabilitate a foreclosure sale. In that case, the debtor had filed 10 bankruptcy cases over five years, with the final case filed after the court entered an order barring future filings. Id. at 851. The stay was also annulled in Harris, 268 B.R. at 202-03, where the debtor did not raise the issue of violation of the automatic stay until a state case which the creditors had spent thousands of dollars pursuing was in the last stages of appeal.

**ANALYSIS**

Pursuant to the foregoing, the Court concludes that the circumstances in this case are not so compelling that annulment of the stay is warranted. Issues of the United State's notice of the case are problematic. The address for the I.R.S. Debtor used on his matrix is inaccurate. Debtor's other actions, however, lead the Court to consider whether the United States had actual or constructive notice. The Court need not make a determination on the sufficiency of notice in this matter, as that will be taken up in its ruling on Debtor's Motion alleging the United States violated the automatic stay.

There are indications that Debtor has acted in bad faith, considering his multiple filings and continued attempts to thwart the United State's attempts to finalize district court proceedings against him. Debtor is not attempting to reorganize and this is apparently a no-asset case. On the other hand, it does not appear that the United States has incurred undue expense or detrimentally changed its position based on the postpetition entry of judgment in the District Court case.

In summary, although there are circumstances in this case which would arguably support retroactive relief from the automatic stay, this matter is not so compelling that the Court is prepared to grant the extraordinary relief authorized under the limited circumstances of Hoffinger Indus. The United States may again request entry of judgment in the district court case after the automatic stay in this case expires or is lifted.

**WHEREFORE**, the United States' Motion for Retroactive Relief from Automatic Stay is DENIED.

Dated and Entered: December 7, 2004.

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE