```
                  UNITED STATES BANKRUPTCY COURT
               FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                         )
                               )      Chapter 7
PAUL JOHN KRAMER,              )
                               )      Bankruptcy No. 04-02900
       Debtor.                 )
```

**ORDER RE: DEBTOR'S PETITION AND/OR MOTION
FOR A HEARING TO SHOW CAUSE
(DUBUQUE COUNTY TRAFFIC CITATION)**

This matter came before the undersigned on November 30, 2004 at 9:35 a.m. pursuant to assignment. Debtor Paul Kramer appeared pro se. The Iowa Attorney General filed an objection addressing Debtor's allegations but did not appear for the hearing.

**STATEMENT OF THE ISSUES**

Debtor received a traffic citation in Dubuque County, i.e. a "Uniform Citation and Complaint", on September 3, 2004 for driving under suspension. He asserts the citation violates the automatic stay as an attempt by the Iowa District Court in and for Dubuque County, State of Iowa, Dubuque County, Tom Goodman, Richard R. Gleason, Clay Gavin, Fred McCaw, Iowa Department of Transportation and Tom Miller, Attorney General of Iowa to enter into an unconscionable contract. Debtor seeks "the principal sum of $375.00 plus interest" as costs plus "an unknown sum for illegal incarceration."

The Iowa Attorney General filed an objection addressing these allegations. He argues the automatic stay does not apply to the traffic citation proceedings.

**CONCLUSIONS OF LAW**

The Bankruptcy Code provides that the automatic stay does not apply to "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). "This exception to the automatic stay underscores the principle that the bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension. Thus, criminal actions and

proceedings may proceed in spite of bankruptcy." In re Perrin, 223 B.R. 71, 74 (Bankr. D.N.J. 1999) (citation omitted). Tickets or citations for motor vehicle violations fall within the meaning of "criminal action" as that term is used in § 362(b)(1), and are therefore excepted from the imposition of the automatic stay. In re Cuevas, 205 B.R. 457, 460 (Bankr. D.N.J. 1997); In re Sims, 101 B.R. 52, 57 (Bankr. W.D. Wis. 1989); In re Gilliam, 67 B.R. 83, 87 (Bankr. M.D. Tenn. 1986). Iowa Code sec. 321.218(1) provides that driving with a suspended license is a simple misdemeanor. It is chargeable by Uniform Citation and Complaint under sec. 805.6.

## ANALYSIS

The Court has considered Debtor's arguments and averments regarding the traffic violation of driving under suspension for which he was ticketed on September 3, 2004. Based on the foregoing authority, the Court finds that this is a criminal proceeding which is excepted from the automatic stay under § 362(b)(1). The issuance of the Uniform Citation and Complaint did not constitute a violation of the automatic stay. Debtor's request for sanctions against the parties named above is denied. Prosecution of this offense can proceed.

**WHEREFORE**, the issuance of the Uniform Citation and Complaint for Driving Under Suspension did not violate the automatic stay.

**FURTHER**, Debtor's request for sanctions against Iowa District Court in and for Dubuque County, State of Iowa, Dubuque County, Tom Goodman, Richard R. Gleason, Clay Gavin, Fred McCaw, Iowa Department of Transportation and Tom Miller, Attorney General of Iowa is DENIED.

**FURTHER**, prosecution of this driving offense may proceed in the appropriate Iowa Courts.

Dated and Entered: December 9, 2004.

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE