```
                      UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )      Chapter 7
PAUL JOHN KRAMER,               )
                                )      Bankruptcy No. 04-02900
       Debtor.                  )
```

**ORDER RE: DEBTOR'S PETITION AND/OR MOTION
FOR A HEARING TO SHOW CAUSE
(DUBUQUE COUNTY CASES, EQCV 92852 AND 93721)**

This matter came before the undersigned on November 30, 2004 at 9:55 a.m. pursuant to assignment. Debtor Paul Kramer appeared pro se. The Iowa Attorney General filed an objection addressing Debtor's allegations but did not appear for the hearing. Attorney Chad Leitch appeared for himself, Garret Moenk and Paul Lumpa.

**STATEMENT OF THE ISSUES**

Debtor alleges that repeatedly moving forward with cases in the Iowa District Court violated the automatic stay. He makes these allegations against the Iowa District Court in and for Dubuque County, State of Iowa, Dubuque County, Alan Pearson, Chad C. Leitch, Paul S. Lumpa, Garret C. Moenk, Monica L. Ackley, Clifford Pfab, James Schilling, Clay Gavin and Tom Miller, via Office of Attorney General of Iowa. These cases in Dubuque County, EQCV 093721 and 092852, relate to foreclosure on real estate in Bernard, Iowa.

The Iowa Attorney General filed an objection addressing these allegations. He argues the stay does not apply to the Dubuque County proceedings because Debtor was never a title holder to the real property in question. Debtor was named as a defendant based on a junior lien he purportedly held against the property. As of May 13, 2002, default judgment was entered against Debtor in these cases. The real estate involved was sold at sheriff's sale in February 2004.

Chad Leitch, Garret Moenk and Paul Lumpa argue that they are not creditors of this bankruptcy estate. They had no notice of Debtor's bankruptcy filing. They assert that Debtor

has no interest in the real estate subject to foreclosure in the Dubuque County cases.

## CONCLUSIONS OF LAW

Upon the filing of a bankruptcy petition, § 362 automatically imposes a stay upon most actions by creditors to satisfy their claims against the debtor, including attempts to exercise control over property in the estate. 11 U.S.C. § 362(a)(3); In re Knaus, 889 F.2d 773, 774 (8th Cir. 1989). The scope of the automatic stay is extremely broad. Id. Included in the automatic stay are:

> (1) the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . .;
> . . .
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C. § 362(a).

Extension of an automatic stay to a debtor's co-defendants is rarely proper. Sav-A-Trip, Inc. v. Belfort, 164 F.3d 1137, 1139 (8th Cir. 1999). By its terms the automatic stay applies only to the debtor. Catholic Order of Foresters v. U.S. Bancorp Piper Jaffray, Inc., 337 F. Supp. 2d 1148, 1161 (N.D. Iowa 2004). Likewise, the stay protects only property of the estate or of the debtor, not property in which the estate or debtor have no legal or equitable interest. See 11 U.S.C. § 362(a)(3); 11 U.S.C. § 541(a).

## ANALYSIS

The Court has considered Debtor's arguments and averments regarding the Iowa District Court in Dubuque County cases, EQCV 092852 and 093721. Based on the foregoing authority, the Court finds that the automatic stay does not apply to proceedings in those cases. Debtor filed his Bankruptcy Petition on July 27, 2004. At that time, he was no longer a party in these state court cases, as default judgment had entered against him in 2002. Furthermore, Debtor was never a title holder to the real estate in question. Neither Debtor

personally nor his bankruptcy estate have any legal or equitable interest in the real estate.  Therefore, the automatic stay does not apply.

**WHEREFORE**, any and all activity in the cases in Iowa District Court in and for Dubuque County, EQCV 092852 and 093721, did not violate the automatic stay.

**FURTHER**, Debtor's request for sanctions against Dubuque County, State of Iowa, Dubuque County, Alan Pearson, Chad C. Leitch, Paul S. Lumpa, Garret C. Moenk, Monica L. Ackley, Clifford Pfab, James Schilling, Clay Gavin and Tom Miller, via Office of Attorney General of Iowa is DENIED.

Dated and Entered:  December 13, 2004.

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE