UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 7
PAUL JOHN KRAMER,               )
                                )    Bankruptcy No. 04-02900
     Debtor.                    )

**ORDER RE: DEBTOR'S PETITION AND/OR MOTION
FOR A HEARING TO SHOW CAUSE
(U.S. DISTRICT COURT CASES, C01-0170, C02-0181)**

This matter came before the undersigned on November 30, 2004 at 10:15 a.m. pursuant to assignment. Debtor Paul Kramer appeared pro se. Assistant U.S. Attorney Marty McLaughlin appeared on behalf of the United States.

**STATEMENT OF THE ISSUES**

Debtor alleges that moving forward with cases in the U.S. District Court for the Northern District of Iowa violated the automatic stay. He makes these allegations against the U.S. District Court for the Northern District of Iowa, Charles W. Larson, Sr., Stephan J. Rapp, Edward J. McManus, Joan Stentiford Ulmer and Toby Michaels. Specifically, Debtor asserts that a Motion for Entry of Judgment and a Final Stipulation to Dismiss Remaining Claim without Prejudice on September 22, 2004 in Case No. C02-0181 violated the stay. This case relates to unpaid federal income taxes. Also, in Case No. C01-0170, Debtor asserts a violation occurred with a United States Marshal's Deed of August 2, 2004. Debtor argues that "no federal income tax liens are in evidence" in these cases.

The United States asserts it did not receive notice of Debtor's bankruptcy filing prior to its actions in the District Court cases. It states the first document regarding Debtor's case sent to the United States was sent to the U.S. Attorney's office electronically on October 5, 2004 from the Court, not from Debtor.

Debtor avers that the U.S. Marshal's office was personally served with a copy of his bankruptcy petition on the date he filed the petition, July 27, 2004. He also states that he

mailed a notice to "U.S., inc. % Charles W. Larson, Sr., P.O. Box 74,950 Cedar Rapids Iowa 52,406." Mr. Larson is the U.S. Attorney for this district. The Court notes that Debtor lists the I.R.S. as a creditor on Schedule E. His mailing matrix includes the I.R.S. with the following address: "P.O. Box 74,950., Cedar Rapids 52,406."

According to local rules of this Court, the correct addresses for notice to the Internal Revenue Service are:

> Internal Revenue Service
> Insolvency
> 210 Walnut Street Stop 5301
> Des Moines IA 50309-2103
>
> US Attorney (IRS)
> PO Box 74950
> Cedar Rapids IA 52407-4950

The Court notes that the Bankruptcy Clerk's Certificate of Service of the Notice of Chapter 7 Bankruptcy Case in this bankruptcy case states:

> ** BYPASSED RECIPIENTS (undeliverable, * duplicate) **
> I.R.S., P.O. Box 74,950., Cedar Rapids 52,406.

This indicates that notice could not be mailed to the Internal Revenue Service at the address Debtor listed in his matrix.

## CONCLUSIONS OF LAW

The filing of a bankruptcy petition imposes the automatic stay pursuant to § 362, which stays, among other things, the continuation of judicial action against the debtor. 11 U.S.C. § 362(a)(1); In re Lankford, 305 B.R. 297, 301 (Bankr. N.D. Iowa 2004). The scope of the automatic stay is extremely broad. In re Knaus, 889 F.2d 773, 774 (8th Cir. 1989).

Section 362(h) addresses sanctions for the violation of the automatic stay. It provides that:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

2

11 U.S.C. § 362(h). To recover damages under § 362(h), Debtor must show that he was injured by the violation of the stay and that the violation was willful. Lovett v. Honeywell, Inc., 930 F.2d 625, 628 (8th Cir. 1991). A violation of the stay is "willful" where the violator's conduct is deliberate and with knowledge of the bankruptcy filing. In re Dencklau, 158 B.R. 796, 800 (Bankr. N.D. Iowa 1993). In imposing actual damages, the trial court has discretion to fashion the punishment to fit the circumstances. Hubbard v. Fleet Mortgage Co., 810 F.2d 778, 782 (8th Cir. 1987).

## ANALYSIS

The Court has considered Debtor's arguments and averments regarding the U.S. District Court cases, No. C01-0170 and C02-0181. Based on the foregoing authority, the Court finds that the United States did not willfully violate the automatic stay. Debtor listed an inaccurate address for the IRS on his matrix. He did not comply with local rules setting out the correct addresses to be used for the IRS. The Court finds that the United States did not receive the "Notice of Chapter 7 Bankruptcy Case," as evidenced by the Certificate of Service filed in Debtor's case, at Document no. 5.

At some point, the United States may have received actual knowledge of Debtor's case. The Court finds, however, that any actions taken by the United States after having knowledge of the case were not willful.

**WHEREFORE**, Debtor is not entitled to damages under 11 U.S.C. § 362(h) for any postpetition activity in the cases in the U.S. District Court for the Northern District of Iowa, C01-0170 and C02-0181.

**FURTHER**, Debtor's request for sanctions against the U.S. District Court for the Northern District of Iowa, Charles W. Larson, Sr., Stephan J. Rapp, Edward J. McManus, Joan Stentiford Ulmer and Toby Michaels is DENIED.

Dated and Entered: December 14, 2004.

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE