UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                            )
                                  )      Chapter 7
PAUL JOHN KRAMER,                 )
                                  )      Bankruptcy No. 04-02900
      Debtor.                     )


            **ORDER RE: DEBTOR'S PETITION AND/OR MOTION**
                  **FOR A HEARING TO SHOW CAUSE**
                    **(IOWA DEPARTMENT OF REVENUE)**

      This matter came before the undersigned on November 30, 2004 at 10:35 a.m. pursuant to assignment.  Debtor Paul Kramer appeared pro se.  Attorney John Waters appeared on behalf of the Iowa Department of Revenue ("IDR").

                         **STATEMENT OF THE ISSUES**

      Debtor alleges a letter dated September 10, 2004 stating tax liability was established for tax years 1997 through 2003, and a Notice of Assessment: Individual Income Tax dated September 24, 2004, violated the automatic stay.  He makes these allegations against the Iowa Department of Revenue, Gayle Nath, Michael D. Ralston and State of Iowa.

      The IDR asserts its actions are excepted from the automatic stay under § 362(b)(9).  It states Debtor did not file Iowa income tax returns for the years 1997 through 2003.  As a result the IDR determined that it should estimate liabilities for these years.  The September 10 letter explained that it had made the estimates.  The September 24 document gave notice of assessment of these estimates.  This notice of assessment includes the following paragraph:

> BANKRUPTCY: If you are in bankruptcy, this is a notice of tax deficiency, not a request for payment.  Due to provisions in the Bankruptcy Code, you may be obligated to pay non-dischargeable taxes even if we delay or stop collection activities.  Consult your attorney if you have any questions.  Send a copy of the notice of bankruptcy proceedings to Iowa Department of Revenue, Accounts Receivable Unit, P. O. Box 10471, Des Moines, IA 50306.

**CONCLUSIONS OF LAW**

Under the Bankruptcy Reform Act of 1994, 11 U.S.C. § 362(b)(9) was amended to lift the automatic stay as it applies to a tax audit, a demand for tax returns, assessment of an uncontested tax liability, or the making of certain assessments of tax and issuance of a notice and demand for payment for such assessment. In re Waugh, 109 F.3d 489, 492 n.7 (8th Cir. 1997). The mailing of notices of tax deficiencies are not subject to the stay. In re LTV Steel Co., 264 B.R. 455, 472 (Bankr. N.D. Ohio 2001).

**ANALYSIS**

The Court has considered Debtor's arguments and averments. Based on the foregoing, the Court concludes the September 10, 2004 letter and the September 24, 2004 notice of assessment the IDR sent to Debtor do not violate the automatic stay. These communications are excepted from the automatic stay pursuant to § 362(b)(9)(D).

**WHEREFORE**, the Iowa Department of Revenue did not violate the automatic stay.

**FURTHER**, Debtor's request for sanctions against the Iowa Department of Revenue, Gayle Nath, Michael D. Ralston and State of Iowa is DENIED.

Dated and Entered: December 16, 2004

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE